UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JULIE DURHAM, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:11-CV-40-RL-PRC |
| ) | |
| IDA GROUP BENEFIT TRUST, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Defendants to Produce Initial Disclosures [DE 16], filed by Plaintiff Julie Durham on May 20, 2011, and on Plaintiff's Motion to Compel Discovery [DE 19], filed by Plaintiff on June 8, 2011. Defendant IDA Group Benefit Trust filed a response in Opposition to Plaintiff's Motion to Compel Defendant to Produce Initial Disclosures on June 1, 2011, and Plaintiff filed a reply on June 13, 2011. Defendant filed a response in Opposition to Plaintiff's Motion to Compel Discovery on July 11, 2011, and Plaintiff filed a reply on July 20, 2011.

## I. BACKGROUND

Plaintiff Julie Durham is a participant in Defendant IDA Group Benefit Trust (the "Trust"), which provides health benefits to participating employees and their dependents. Ms. Durham participates in the trust as a dependent of her husband, Timothy Durham, who is an employee of Affordable Garage Door, Inc. Affordable Garage Door, Inc., is a member of the International Door Association, Inc., and a participating employer in the Trust. Mr. Durham and his dependents, including Ms. Durham, participated in the Trust through Affordable Garage Door, Inc.

In 2009, Ms. Durham submitted medical bills to the Trust for payment. The claims administrator for the Trust, Medical Benefits Administrators of MD, Inc. ("MBA"), denied Ms.

Durham's claim for coverage, citing the guidelines set forth in the Summary Plan Description (the "Plan"). DaySpring Management LLC ("DaySpring") acted as the plan administrator for the Trust.

On November 19, 2010, Ms. Durham filed her Complaint against the Trust in Lake County, Indiana Superior Court, and filed an amended Complaint on January 10, 2011. The Amended Complaint alleges that the Trust wrongfully denied her health care benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. On January 27, 2011, the case was removed to the United States District Court for the Northern District of Indiana. The Trust has not provided initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

On April 14, 2011, Ms. Durham served Interrogatories and Request for Production of Documents on the Trust. The Trust refused to comply with Ms. Durham's requests on the grounds that Rule 26(a)(1)(B)(I) exempts disclosure in actions for review of an administrative proceeding.

## II. ANALYSIS

Ms. Durham seeks the production of initial disclosures and discovery from the Trust. She argues that discovery is appropriate and that the Court should review the denial of benefits *de novo* for the following reasons: (1) claim reviews under ERISA are not administrative proceedings that fall into the exemptions from initial disclosure requirements in Federal Rule of Civil Procedure 26; (2) the Trust improperly delegated discretionary authority to MBA, an entity who was not authorized to make a determinative decision on Ms. Durham's claim; and (3) the administrative record filed with the Court is incomplete. The Trust contends that the Court should prohibit discovery and review the decision to deny benefits under an arbitrary and capricious standard for the following reasons: (1) neither formal discovery nor supplementation of the administrative record is permitted in the judicial review of an ERISA administrative determination; (2) the Plan expressly authorized DaySpring to delegate discretionary authority to MBA; and (3) the current administrative record filed with the Court contains

2

all of the materials MBA relied on when adjudicating her appeal and is a complete record suitable for review.[1]

Generally, both parties must disclose certain general information prior to the issuance of a discovery request. The guidelines for initial disclosures are set forth in Federal Rule of Civil Procedure 26(a), which provides an exemption to the general rule for initial disclosures in "an action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(I). Similarly, the Federal Rules also provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," with certain limitations when the discovery is burdensome or readily available by other means. Fed. R. Civ. P. 26(b)(1), (b)(2)(C). Rule 37(a) allows a party to move for an order compelling discovery, including an order compelling an answer or inspection. *See* Fed. R. Civ. P. 37(a)(3)(B). The Court has broad discretion when deciding whether to compel discovery. *See, e.g., Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

The scope of discovery that is permissible in ERISA cases is affected by the standard of review that the Court applies to the benefits decision. "[A] denial of benefits . . . is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 864 (7th Cir. 2011); *Perugini-Christen v. Homestead Mortg. Co.*, 287 F.3d 624, 626 (7th Cir. 2002). When applying a *de novo* standard in ERISA cases, "[e]vidence is essential if the court is to fulfill its fact-finding function," and discovery

---

[1] In its Memorandum in Opposition to Plaintiff's Motion to Compel Initial Disclosures, the Trust asserts as an Affirmative Defense that Ms. Durham failed to exhaust her administrative remedies under the Summary Plan Description and ERISA. To the extent that the Trust is requesting that the Court make a determination on the merits of its Affirmative Defense, it is directed to file a separate motion addressing this issue.

is therefore permitted. *Krolnik v. Prudential Ins. Co.*, 570 F.3d 841, 843 (7th Cir. 2009). However, "if the plan grants to its administrator the discretion to construe the plan's terms, the district court must review a denial of benefits deferentially." *Hess v. Reg.-Ellen Mach. Tool Corp. Emp. Stock Ownership Plan,* 502 F.3d 725, 727 (7th Cir. 2007) (citing *Ruttenberg v. United States Life Ins. Co.*, 413 F.3d 652, 658-59 (7th Cir. 2005)); *see also Glenn*, 554 U.S. at 111. The deferential standard of review applies only "when there can be no doubt that the application was given a genuine evaluation," but in those cases "judicial review is limited to the evidence that was submitted in support of the application for benefits, and the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency." *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999); *see also Krolnik*, 570 F.3d at 843. The party invoking the arbitrary and capricious standard "has the burden to establish that the language of the plan gives it discretionary authority to award benefits." *Sperandeo v. Lorillard Tobacco Co., Inc.*, 460 F.3d 866, 870 (7th Cir. 2006) (citing *Gibbs v. Cigna Corp.*, 440 F.3d 571, 575 (2nd Cir. 2006)).

The Trust argues that Ms. Durham's Motion to Compel is untimely as there is no scheduling order in this case. Federal Rule of Civil Procedure 26 provides, in relevant part, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)." Fed. R. Civ. P. 26(d)(1). The question of whether this is a proceeding exempted from initial disclosure is currently before the Court. Rule 26(f) requires the parties to confer regarding their claims and discovery and to "submit[] to the court within 14 days after the conference a written report" about their discovery plan. Fed. R. Civ. P. 26(f)(2). In this case, the parties have conferred as required by Rule 26, and submitted a written report of their meeting, specifically identifying that it was held "[i]n accordance with Fed. R. Civ P. 26(f)."

4

[DE 14]. The Trust cites no authority for the proposition that a scheduling order must be entered by the Court before discovery requests can be submitted. Rule 16 requires the Court to set a scheduling order, in accordance with local rules, that sets the deadlines and the allowed extent of discovery. In this case, the Court ordered the briefing in the instant Motions to ascertain the appropriate nature of discovery in this case before entering a scheduling order. Accordingly, the Court declines to deny the Motion to Compel on procedural grounds, and will consider the merits of whether discovery is appropriate in this case.

Ms. Durham argues that a *de novo* standard applies in this case because the Trust improperly designated discretionary legal authority to a third party administrator, MBA, and that DaySpring did not play any role in the processing or denial of Ms. Durham's medical claim. The Trust argues that deferential review is appropriate because the Plan expressly authorized DaySpring to delegate discretionary authority to MBA.

The parties agree that the Plan expressly designated DaySpring as the plan administrator and MBA as the claims administrator. As the plan administrator, Dayspring was "retained . . . to control and manage the operations and administration of the Plan," with authority to "employ persons to process claims and perform other Plan connected services." The Plan also unequivocally provided that DaySpring had "maximum legal discretionary authority to construe and interpret the terms and provisions of the Plan" and that DaySpring's decision should be subject to review "only if it is arbitrary or capricious or otherwise an abuse of discretion." MBA was named as the Claims Administrator, defined as "[t]he person[] providing consulting services to the Plan Administrator in connection with the operation of the Plan and performing such other functions, including processing and payments of claims, as may be delegated to it."

5

In determining whether authorization was given to the plan administrator such that arbitrary and capricious review applies, the Seventh Circuit has not directly addressed the issue of "whether the delegation of a plan administrator's discretionary authority [to a third party] need be express." *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 810-811 (7th Cir. 2006). However, other circuit courts have consistently held that a decision to deny benefits by a non-delegated entity shall be reviewed *de novo* when a plan document clearly and unequivocally notifies employees that one entity retains discretion to deny their claims but does not clearly and unequivocally notify employees that another entity was delegated the same discretionary authority. *See, e.g., Shelby Cnty. Health Care Corp. v. Majestic Star Casino LLC Grp. Health Benefit Plan*, 581 F.3d 355, 365 (6th Cir. 2009) ("[E]ven when the plan documents confer discretionary authority on the plan administrator, when the benefits decision is made by a body other than the one authorized by the procedures set forth in a benefits plan, federal courts review the benefits decision de novo. Where a plan administrator does not make the benefits decision, the plan administrator has not exercised its discretionary authority, and therefore a deferential standard of review is not justified.")(quoting *Sanford v. Harvard Indus.*, 262 F.3d 590, 597 (6th Cir. 2001)) (quotation marks omitted); *Sharkey v. Ultramar Energy*, 70 F.3d 226, 229 (2d Cir.1995) ("When an unauthorized body that does not have fiduciary discretion to determine benefits eligibility renders such a decision, however, . . . deferential review is not warranted."); *Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1388-1389 (9th Cir. 1994) ("because we do not have an interpretation of the Plan by the [party] to whom such authority was granted by the Plan, there is no appropriate exercise of discretion to which to defer" so the *de novo* standard of review applies); *Rodriguez-Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 584 (1st Cir.1993) ("To be an effective delegation of discretionary authority so that the deferential standard of review will apply,

6

. . . the fiduciary must properly designate a delegate for the fiduciary's discretionary authority.") (citing *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1283-84 (9th Cir. 1990)).

At least two other district courts in this circuit have considered nearly identical situations to the one at issue here. In *Davis v. Lafayette Life Ins.*, No. 1:09-CV-0909-LJM-DML, 2010 WL 2246424, at *1 (S.D. Ind., May 24, 2010), the court considered a situation where "the plan does give discretionary authority to the [defendant] to determine [the] employees' eligibility for benefits . . . [but] does not grant [the claims administrator] discretionary authority to make the same decisions." *Id*. The Court found "an absence of any independent discretionary judgment on the part of the [defendant] in the denial of Plaintiff's claim" and concluded that because "the third party administrator was not delegated discretionary authority in plain language and as a result no notice was given to plan participants that some authority other than the plan administrator had such discretion, . . . the appropriate standard of review is *de novo*." *Id*.

Similarly, in *Skibbe v. Metropo. Life Ins. Co.*, No. 05-C-3658, 2007 WL 2874035, at *10 (N.D. Ill., Sep. 24, 2007), "the Plan conferred discretionary authority to the [Plan Administrator] only. While the Plan authorized [the Plan Administrator] to employ [the defendant] to furnish administrative services and assist in the administration of the Plan, such language does not suffice to clearly and unequivocally grant [the defendant] discretionary authority to make its decisions." *Id*. In that case, the court held that "[b]ecause [the Plan Administrator]'s discretionary authority was not expressly delegated to [the defendant], [the defendant]'s decision to terminate [the plaintiff]'s benefits will be subject to a de novo standard of review." *Id*. at *11.

Clear and unequivocal language was required to delegate discretionary authority to DaySpring as the plan administrator and from DaySpring to MBA. In this case, the plain language of the Plan did not clearly and unequivocally notify Ms. Durham that MBA had legal discretionary authority to decide

7

the outcome of her claim, so *de novo* review is appropriate. Furthermore, both parties agree that MBA investigated Ms. Durham's claim, conducted all communication with her and her representatives, and made the final decision to deny her benefits under the Plan. DaySpring did not engage in any independent fact-finding or exercise its discretionary authority in this case, further emphasizing the importance of independent review. *See, e.g., Davis*, 2010 WL 2246424, at *1 (applying *de novo* review in part because "there is no evidence of any discretion being exercised at all by the Company other than simply to agree with and adopt the denial finding").

The Trust has not met its burden of establishing that the decision to deny benefits was entitled to deferential review. *Sperandeo*, 460 F.3d at 870. A *de novo* standard of review is appropriate, and Ms. Durham may seek the discovery of all materials "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

### III. CONCLUSION

Accordingly, the Court hereby **GRANTS** the Motion to Compel Defendants to Produce Initial Disclosures [DE 16] and **GRANTS** the Motion to Compel Discovery [DE 19]. The matter is therefore set for a telephonic Rule 16(b) preliminary pretrial conference on **September 8, 2011 at 9:45 AM CST** with the Court initiating the conference. A revised joint discovery plan, if any, must be filed with the Court on or before **September 2, 2011**.

SO ORDERED this 1st day of August, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record

8